IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARTHUR J. DEFFENBAUGH,            )
                                  )
            Plaintiff,            )
                                  )
      v.                          )  Civil Action No. 06-155J
                                  )
MICHAEL J. ASTRUE,[1]             )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
            Defendant.            )

O P I N I O N

DIAMOND, D.J.

Pursuant to 42 U.S.C. §§405(g) and 1383(c)(3), plaintiff seeks judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). 42 U.S.C. §§1381-1383f. Presently before the court are cross-motions for summary judgment. For the reasons set forth below, plaintiff's motion will be granted, the Commissioner's motion will be denied and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

Procedural History

Plaintiff filed his application for SSI on August 20, 2004, alleging disability as of that date, due to asthma, diabetes and

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007, succeeding JoAnne B. Barnhart.

learning difficulties. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on December 5, 2005, at which plaintiff appeared represented by counsel. On January 27, 2006, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

## Standard of Review

As the factfinder, an ALJ has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Despite the deference to administrative decisions required by this standard, a reviewing court "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). These well-established principles dictate that this court remand this case to the ALJ for further development at step 5 of the sequential evaluation process because the record does not contain substantial evidence to support the ALJ's findings and

conclusions at that step.

## Statement of Material Facts

Plaintiff was 62 years old at the time of the ALJ's decision and is classified as a person closely approaching retirement age under the regulations. 20 C.F.R. §416.963(e). Plaintiff has a high school education. Plaintiff does not have any past relevant work experience, and he has not engaged in any substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine, asthma, non-insulin dependent diabetes mellitus, borderline intellectual functioning and a reading disorder, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth at Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform the exertional demands of medium work with a number of non-exertional limitations. Plaintiff requires work that does not involve concentrated exposure to fumes, odors, dust, gases or environments with poor ventilation. In addition, plaintiff requires work that involves simple, routine, repetitive

- 3 -

tasks, and no exposure to the stress associated with fast-paced production environments. Finally, plaintiff is limited to work that involves simple work-related decisions and relatively few work place changes (collectively, the "RFC Finding"). Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such a laundry laborer, custodian or washer. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

## Analysis

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently

engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §416.945(a)(4).

Here, plaintiff challenges the step 5 finding on a number of grounds which can be summarized as follows: (1) the ALJ's RFC

Finding is not supported by substantial evidence; (2) the ALJ did not properly evaluate plaintiff's subjective complaints concerning his limitations; and (3) the ALJ's hypothetical question to the vocational expert did not include all of plaintiff's impairments. Each argument will be addressed in turn.

Plaintiff argues that the RFC Finding is not supported by substantial evidence because the ALJ failed to comply with Social Security Ruling ("SSR") 96-8p in concluding that he can perform the exertional demands of medium work. The court agrees that the ALJ failed to comply with SSR 96-8p, which requires a function-by-function assessment of plaintiff's ability to perform work-related activities. Particularly, SSR 96-8p requires the ALJ to assess plaintiff's ability to perform each of the seven exertional functions, which are sitting, standing, walking, lifting, carrying, pushing and pulling. "Only after [an assessment of these functions is performed] may the residual functional capacity be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Pearson v. Barnhart, 380 F.Supp.2d 496, 507 (D.N.J. 2005), quoting, SSR 96-8p.

In this case, without separately assessing plaintiff's ability to sit, stand, walk, lift, carry, push and pull, the ALJ concluded that plaintiff has the residual functional capacity for medium work. (R. 24). The ALJ's residual functional capacity analysis does not comply with SSR 96-8p. "In assessing compliance with SSR 96-8p, numerous courts have articulated in their opinions the specific amount of time which a plaintiff could perform each

function during an 8 hour workday." Pearson, 380 F.Supp.2d at 507 (citations omitted).

Here, the ALJ did not specify the amount of time that plaintiff is able to perform each of the seven exertional functions during an eight hour workday. The ALJ's statement in his decision that the state agency medical consultant who evaluated the evidence concluded that plaintiff is capable of performing medium work does not satisfy the requirement that the ALJ assess plaintiff's ability to sit, stand, walk, lift, carry, push and pull, and identify the amount of time plaintiff is capable of performing those functions during an eight hour workday. The ALJ stated he gave the state agency medical consultant's opinion "some weight". (R. 25). However, this court is unable to determine whether the ALJ gave "some weight" to the entire residual functional capacity assessment prepared by the state agency medical consultant, or if the ALJ gave only "some weight" to portions of the assessment, such as, for example, the state agency medical consultant's assessment with respect to plaintiff's ability to sit during an eight hour workday, but not with respect to his ability to walk during an eight hour workday. In sum, the ALJ failed to identify the maximum amount of each exertional work-related activity plaintiff is capable of performing based on the evidence of record as required by SSR 96-8p.

On remand, the ALJ must adhere to the requirements of SSR 96-8p in assessing plaintiff's residual functional capacity. In so

doing, the ALJ must assess each exertional work-related activity (sitting, standing, walking, lifting, carrying, pushing and pulling) and identify the amount of time plaintiff is able to perform those functions during an eight hour workday, as well as cite the evidence of record which supports his conclusion. As a result of this further analysis, if additional restrictions need to be included in the RFC Finding, the ALJ must complete his evaluation at step 5 of the sequential evaluation process consistent with any revised RFC Finding.

Plaintiff's next argument is that the ALJ erred in evaluating his subjective complaints concerning his claimed numbness in his hands and feet and his need to use a cane. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).

In evaluating plaintiff's complaints with respect to numbness, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of his treatment, plaintiff's own statements about his symptoms and statements by his treating physicians about his symptoms and how they affect

him. See 20 C.F.R. §416.929(c)(1); Social Security Ruling 96-7p. As required by 20 C.F.R. §416.929(c)(4), the ALJ then considered the extent to which plaintiff's numbness reasonably could be accepted as consistent with the evidence of record and how it affects his ability to work. The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation that he has functional limitations due to numbness. Accordingly, the ALJ determined that plaintiff's testimony regarding his numbness was not entirely credible. (R. 23, 26). This court finds that the ALJ adequately explained the basis for his credibility determination concerning plaintiff's claimed numbness (R. 23), and is satisfied that such determination is supported by substantial evidence.

While the court finds that the ALJ properly evaluated plaintiff's subjective complaints concerning his claimed numbness, there is a question concerning the ALJ's consideration of plaintiff's claim that he needs to use a cane. With respect to plaintiff's cane use, the ALJ's stated, "although [plaintiff] brought a well-worn cane to the hearing and testified that he uses it for balance, he also testified that a neighbor gave the cane to him and that a physician did not prescribe it." (R. 23). While plaintiff did, in fact, testify that he obtained the cane from a neighbor, he also testified that his doctor did not write a prescription for the cane, but she told him if he "had one or could get one", it would be easier for him to keep his balance when walking. (R. 270). Plaintiff's physician's treatment notes

confirm the fact that she recommended he use a cane. (R. 222-23). It appears that plaintiff followed his physician's advice by using a cane. Thus, on remand, the ALJ should further consider the issue of plaintiff's cane use. If the ALJ determines that plaintiff is required to use a cane to maintain balance while walking, that limitation should be considered and factored into the RFC Finding.

Plaintiff's final argument is that the ALJ's hypothetical to the vocational expert was flawed because it did not account for his claimed numbness, sleep disturbance and drowsiness supposedly caused by his medication. This argument lacks merit.

An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Plaintiff's claim that the ALJ did not account for his claimed numbness lacks merit because the ALJ properly found plaintiff's subjective complaints concerning numbness were less than fully credible as explained above. Plaintiff's claim that the ALJ did not account for his alleged sleep disturbance and drowsiness caused by medication also is unfounded. No evidence in the record indicates that plaintiff needs to rest during the day due to drowsiness. For these reasons, the ALJ was not required to include limitations related to numbness, sleep disturbance and drowsiness in his hypothetical question to the vocational expert.

However, one final point must be made with respect to the ALJ's hypothetical to the vocational expert. On remand, after

further analyzing plaintiff's cane use as discussed above, if the ALJ determines that plaintiff's use of a cane should be incorporated in the RFC Finding, the ALJ should pose a hypothetical question to the vocational expert which includes a limitation for cane use.

## Conclusion

For the foregoing reasons, this case will be remanded to the Commissioner for further proceedings at step 5 of the sequential evaluation process consistent with this opinion.

An appropriate order will follow.

*Gustave Diamond*
Gustave Diamond
United States District Judge

Date: September 4, 2007

cc: John D. Gibson, Esq.
    131 Market Street
    Suite 200
    Johnstown, PA 15901

    John J. Valkovci
    Assistant U.S. Attorney
    224 Penn Traffic Building
    319 Washington Street
    Johnstown, PA 15901